IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LASHEA MOORE, as parent and**                                                                  **PLAINTIFF**
**next friend of Z.S., a minor**

**V.**                                                                                                              **NO. 4:22-CV-42-DMB-JMV**

**CLARKSDALE MUNICIPAL**
**SCHOOL DISTRICT, et al.**                                                                         **DEFENDANTS**

**OPINION AND ORDER**

Based on an alleged search of her daughter Z.S.'s phone while at school, Lashea Moore sued on her daughter's behalf the Clarksdale Municipal School District, Superintendent Dr. Earl Joe Nelson, School Resource Officer Derrell Washington, and others, alleging various federal and state law claims. The School District and Nelson filed a motion to dismiss the "*Monell*, Fourth Amendment, Eighth Amendment, and state law claims for negligent and intentional infliction of emotional distress." Washington filed a motion to dismiss the "*Monell*, Fourth Amendment, and Eighth Amendment claims." Because Supreme Court precedent precludes application of the Eighth Amendment to a school's discipline of students, the Eighth Amendment claims will be dismissed with prejudice. And because Moore's complaint fails to adequately allege facts regarding certain other claims raised in the motions to dismiss, the motions to dismiss will be granted in part and Moore will be allowed the opportunity to seek leave to amend her complaint.

**I**
**Procedural History**

On March 25, 2022, Lashea Moore, as parent and next friend of Z.S., a minor, filed a complaint in the United States District Court for the Northern District of Mississippi against Clarksdale Municipal School District; the City of Clarksdale, Mississippi; Superintendent Dr. Earl Joe Nelson, in his individual and official capacities; Police Chief Sandra Williams, in her

individual and official capacities; School Resource Officer Derrell Washington, in his individual and official capacities; the Estate of Police Officer Kendrick Walker, in its individual and official capacity; and "John Does 1-5." Doc. #1. The complaint seeks "to recover actual and punitive damages" for alleged violations of Z.S.'s Fourth, Eighth, and Fourteenth Amendment "rights … and violation of her substantive and due process rights made actionable under 42 U.S.C. § 1983 and the *Monell* doctrine," and "the common law right to be free from law enforcement and government employees evincing reckless disregard for [her] rights made actionable pursuant to the Mississippi Tort Claims Act ('MTCA') and Mississippi common law." *Id.* at 1–2.

After answering the complaint,[1] the School District and Nelson moved to dismiss the "*Monell*, Fourth Amendment, Eighth Amendment, and state law claims for negligent and intentional infliction of emotional distress." Doc. #7. The motion is fully briefed. Docs. #8, #13, #19.

On June 24, 2022, Washington filed a motion to dismiss certain claims. Doc. #34. Moore filed a response. Doc. #37. Washington did not reply.

## II
## Standard of Review

Although the School District and Nelson rely on Federal Rule of Civil Procedure 12(b)(6) in their motion to dismiss,[2] because they filed an answer before moving to dismiss, their motion is properly considered as one for judgment on the pleadings under Rule 12(c). *Triplett v. LeBlanc*, 642 F. App'x 457, 459 (5th Cir. 2016). But the standard for deciding a Rule 12(c) motion is the same standard used for deciding a motion to dismiss pursuant to Rule 12(b)(6). *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022).

---

[1] Doc. #6.

[2] Doc. #8 at 2.

2

To survive dismissal under the Rule 12(b)(6) standard, "a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1150 (5th Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* In ruling on a motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Serrano v. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020).

## III
## Factual Allegations

> At all times relevant hereto, Z.S. was a twelve (12) year old student at W.A. Higgins Middle School, which is a part of the Clarksdale Municipal School District located in Clarksdale, MS.
>
> On or around October 14, 2019, Officer Kendrick Walker and School Resource Officer Derrell Washington, at the request and direction of the Clarksdale Municipal School District, forced Z.S. to transmit private information from Z.S.'s cell phone to Officer Walker's cellphone.
>
> Specifically, Officers Walker and Washington threatened and forced Z.S. to input the passcode to her cellular device in order to "airdrop" a video from Z.S.'s phone to Officer Walker's cellular device without a warrant or reasonable suspicion that Z.S. had violated or was violating the law or school rules.

Doc. #1 at 4 (paragraph numbering omitted). The School District suspended Z.S. for five days "[b]ased upon the information found in Z.S.'s cellphone." *Id.* at 5. At the conclusion of the

suspension, the School District refused to allow Z.S. to return to school, causing Z.S. to miss approximately ten days of school. *Id.*

## IV
## The School District & Nelson's Motion

Based on the factual allegations above, Moore claims that (1) the School District "violated Z.S.'s substantive and due process rights by exerting excessive force and cruel and unusual punishment on Z.S. when they subjected her to the unlawful search" and further violated her "right to a free and public school education when it refused to allow [her] to return to school;" (2) Nelson "violated [his] supervisory duties by aiding, advising, or instructing the individually named Police Officers" to violate Z.S.'s constitutional rights; (3) the "Defendants' actions were negligent and/or grossly negligent and caused Z.S. physical and emotional harm;" and (4) the "Defendants acted intentionally, willfully, recklessly, and/or negligently toward [Z.S.]," causing her to suffer severe emotional distress. Doc. #1 at 6–10. Moore also alleges a "*Monell* liability" claim and negligent training claim that do not explicitly mention the School District or Nelson. *Id.* at 7–8.

The School District and Nelson argue that Moore "failed to sufficiently plead any facts to support a *Monell* claim against [them]" and that her Fourth and Eighth Amendment claims, as well as her claims for negligent infliction of emotional distress and intentional infliction of emotional distress, "fail as a matter of law."[3] Doc. #8 at 3.

### A. *Monell* Liability

The School District and Nelson argue Moore's *Monell* claims should be dismissed because the "Complaint does not allege that the School District and/or Superintendent Nelson maintained

---

[3] Although the School District and Nelson submit that "[t]he only claim that should remain against [them] is Plaintiff's claim for alleged violation of Z.S.'s substantive and due process rights," they do not present any argument with respect to the general negligence claim—as opposed to the specific negligent infliction of emotional distress claim. *See* Doc. #8.

4

… [a] custom, practice, and/or policy" as required under *Monell* and "only attributes any alleged custom, practice, and/or policy" to the City and Williams. Doc. #8 at 3–4. Moore responds that the officers forced Z.S. to input her passcode in the phone "based upon a common, widespread practice carried out and permitted by the school district." Doc. #13 at 4. The School District and Nelson reply that the *Monell* claims are void of specific facts that show "excessive force is a custom of Clarksdale Municipal School District." Doc. #19 at PageID 103.

> To establish *Monell* liability, a plaintiff must show that an official policy promulgated by a municipal policymaker was the moving force behind the violation of a constitutional right. And to get past the pleading stage, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts.

*Henderson v. Harris Cnty.*, 51 F.4th 125, 130 (5th Cir. 2022) (cleaned up).[4]

Here, the complaint generally alleges that the "actions involved in this case are the result of the practices, policies, and/or customs of Defendant Clarksdale." Doc. #1 at 5. This general, conclusory allegation does not "contain specific facts" to support *Monell* liability. *See Henderson*, 51 F.4th at 130. Dismissal of the *Monell* claims is warranted.

### B. Fourth Amendment

The School District and Nelson argue Moore's Fourth Amendment claim fails as to Nelson because he did not participate in searching Z.S.'s phone and as to the School District because it had a "right to conduct [the] search under *New Jersey v. T.L.O.*, 469 U.S. 325 (1985) and *Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364 (2009)." Doc. #8 at 5. Moore responds that because the complaint alleges the search was conducted "without a warrant or reasonable suspicion

---

[4] Because a municipality "may not be held liable under § 1983 on a basis of vicarious liability[, m]unicipalities may be liable where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017) (cleaned up). "[T]o establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Id.*

5

that Z.S. had violated or was violating the law or school rules," her "claim is well pled." Doc. #13 at 2, 6. As to Nelson, Moore points to the student handbook which she alleges states "all searches must be pre-approved by the superintendent, principal, assistant principal, and/or acting principal."[5] *Id.* at 6 n.2. The School District and Nelson reply that "[b]ecause [the] *Monell* claim is insufficient and because [Moore] cannot show that the student's phone was searched pursuant to a district policy, the Fourth Amendment claims against [the School District] should be dismissed" and, with respect to claims against Nelson, the search "was clearly constitutional under the circumstances." Doc. #19 at PageID 103–04.

Because the Court concluded above that the complaint failed to sufficiently allege *Monell* liability, the School District and Nelson in his official capacity cannot be held liable for any alleged constitutional violation. *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (a "school district cannot be held liable under § 1983 on a *respondeat superior* theory" so "to state a § 1983 claim against the school district, [a] complaint must allege sufficient factual content" to satisfy *Monell* liability).

As for the claim against Nelson in his individual capacity, "[s]tudents have a constitutional right under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures while on school premises." *Brown v. Coulston*, 463 F. Supp. 3d 762, 776 (E.D. Tex. 2020) (internal quotation marks omitted) (quoting *Porter v. Ascension Par. Sch. Bd.*, 393 F.3d 608, 621–22 (5th Cir. 2004)). "In *New Jersey v. T.L.O.*, … the Supreme Court established a two-step inquiry for determining the reasonableness of a school official's decision to search a student." *Jackson v. Ladner*, 626 F. App'x 80, 86 (5th Cir. 2015).

> First … the search must be justified at its inception by the presence of reasonable grounds for suspecting that the search will turn up evidence that the student has

---

[5] Because the handbook is not mentioned in, or attached to, the complaint, the Court will not consider it at this stage.

6

> violated or is violating either the law or the rules of the school. Second, the search must be permissible in its scope, which is achieved when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction.

*Id.* (cleaned up).

The complaint here alleges the officers searched Z.S.'s phone "without a warrant or reasonable suspicion that [she] had violated or was violating the law or school rules." Doc. #1 at 4. However, the complaint fails to allege any *facts* indicating that Nelson—rather than the officers—was involved in the search. *See Mandawala*, 16 F.4th at 1150 (5th Cir. 2021) ("A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail."). Dismissal of the Fourth Amendment claims against the School District and Nelson is appropriate.

### C. Eighth Amendment

The School District and Nelson argue Moore's Eighth Amendment claim fails because "Eighth Amendment privileges do not extend into the realm of schools;" even if the Eighth Amendment did apply, the complaint "does not make any allegation that physical force was used against Z.S.;" and Nelson "did not conduct the search." Doc. #8 at 6. Moore responds that her allegation "Z.S. has suffered physical harm" as the result of "the collective Defendants' unlawful behavior" is sufficient. Doc. #13 at 6. She further argues that "[t]he manner and extent of the force exerted upon Z.S. is a fact issue, which cannot be disposed of via a motion to dismiss for failure to state a claim." *Id.* at 6–7. The School District and Nelson reply that "the extent of alleged force is irrelevant" because "[t]he Supreme Court of the United States has explicitly held the Eighth and Fourteenth Amendments do not apply to public school disciplinary practices." Doc. #19 at PageID 105 (citing *Ingraham v. Wright*, 430 U.S. 651, 669 (1977)).

7

In *Ingram*, the Supreme Court held "that the Eighth Amendment does not apply to the paddling of children as a means of maintaining discipline in public schools" because "[a]n examination of the history of the Amendment and the decisions of [the Supreme] Court construing the proscription against cruel and unusual punishment confirm[] that it was designed to protect those convicted of crimes." 430 U.S. at 664. The Fifth Circuit has interpreted *Ingram* as an express rejection of "the application of the eighth amendment to student punishment." *Fee v. Herndon*, 900 F.2d 804, 810 (5th Cir. 1990); *see Clayton ex rel. Hamilton v. Tate Cnty. Sch. Dist.*, 560 F. App'x 293, 297 (5th Cir. 2014) (affirming dismissal of student's Eighth Amendment claim "as foreclosed by *Ingram*" even where student suffered injuries because of assistant principal's paddling). The Eighth Amendment claim is properly dismissed.

### D. Intentional Infliction of Emotional Distress

The School District and Nelson argue that "since [Moore's] intentional infliction of emotional distress claim is predicated on malicious conduct, the School District and Superintendent Nelson in his supervisory capacity over Officer Walker are immune from suit" under the MTCA. Doc. #8 at 7–8. Moore responds that "simply because an intentional infliction of emotional distress claim can be based upon malice does not mean that every intentional infliction of emotional distress claim is malice based" and "[b]ecause [her] claim is not malice based," the School District and Nelson are not immune under the MTCA. Doc. #13 at 8 (emphasis omitted). She also argues that even if her claims were malice based, Mississippi Code § 11-46-9(x) does not provide immunity when a school district employee acts "in bad faith or with malicious purpose or in a manner exhibiting a wonton and willful disregard of human rights or safety." *Id.* The School District and Nelson did not address the intentional infliction of emotional distress claim in their reply.

8

> The MTCA codified the common-law sovereign immunity of Mississippi and its political subdivisions, Miss. Code Ann. § 11-46-3(1), but it waived sovereign immunity from claims for money damages arising out of torts of governmental entities and the torts of their employees while acting within the course and scope of their employment. Miss. Code Ann. § 11-46-5(1). Employees of Mississippi and its subdivisions can not be held personally liable under state law for acts or omissions occurring within the course and scope of their duties. Miss. Code Ann. § 11-46-7(2). However, the MTCA provides that government employees shall not be considered as acting within the course and scope of their employment for any conduct constituting fraud, malice, libel, slander, defamation or any criminal offense. *Id.*; *see also* Miss. Code Ann. § 11-46-5(2).

*D.M. v. Forrest Cnty. Sheriff's Dep't*, No. 2:20-cv-48, 2020 WL 4873486, at *8 (S.D. Miss. Aug. 19, 2020) (cleaned up).

The School District "is a governmental entity and a political subdivision pursuant to the [MTCA]." *Papagolos v. Lafayette Cnty. Sch. Dist.*, 972 F. Supp. 2d 912, 934 (N.D. Miss. 2013). And the complaint alleges that the officers were "employed either by the City of Clarksdale and/or the Clarksdale Municipal School District." Doc. #1 at 3. While Moore argues she need not allege malice for her intentional infliction of emotional distress claim to survive, to the extent the claim "is predicated on malicious conduct, [it] would be outside the scope of the MTCA" and the School District cannot be held liable. *Weible v. Univ. of S. Miss.*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011). Because Moore admits her "claim is not malice based," the officers presumably were acting within the course and scope of their employment.[6] *D.M.*, 2020 WL 4783486, at *8. And since the School District is liable for "the torts of [its] employees while acting within the course and scope of their employment,"[7] the motion to dismiss will be denied with respect to Moore's intentional infliction of emotional distress claim.

---

[6] This likely means that the officers cannot be held individually liable and that under the MTCA, Moore cannot pursue her claims against both the officers in their individual capacities and the School District. *D.M.*, 2020 WL 4783486, at *8.

[7] Miss. Code Ann. § 11-46-5(1).

**E. Negligent Infliction of Emotional Distress**

The School District and Nelson argue that "[p]ursuant to Mississippi law, a plaintiff may not recover for a claim of negligent infliction of emotional distress without showing that he or she suffered a physical injury" and because the complaint is "devoid of any factual allegation that Z.S. suffered a physical injury at the hands of Defendants," the claim must fail. Doc. #8 at 8. Moore responds that the allegation that "Z.S. has suffered physical harm and severe emotional distress" is sufficient because "the manner and extent of the harm Z.S. suffered is a fact issue." Doc. #13 at 9. The School District and Nelson failed to address Moore's argument in their reply.

"Under Mississippi law, a claim for negligent infliction of emotional distress requires allegations supporting a claim for general negligence in addition to allegations of some sort of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant." *Cirino v. Bank of Am., N.A.*, No. 1:14-cv-240, 2015 WL 5752105, at *7 (S.D. Miss. Aug. 16, 2015) (quoting *Am. Banker's Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1208 (Miss. 2001)).

While Moore's complaint generally alleges in conclusory fashion that Z.S. suffered "severe emotional distress," there are no specific factual allegations to support this statement. *See* Doc. #1 at 6, 10. Without such allegations, the complaint fails to adequately allege a negligent infliction of emotional distress claim. *See Alston v. Miss. Dep't of Emp. Security*, 300 So. 3d 543, 549 (Miss. Ct. App. 2020) (negligent infliction of emotional distress claim was properly dismissed because "[w]hile [plaintiff] claimed that he received treatment at [specific medical centers] as a result of [defendant's] conduct, there were no facts or evidence presented that link [plaintiff's] treatment to any wrongdoings of [defendant]"); *Spann ex rel. Hopkins v. Word of Faith Christian Center Church*, 589 F. Supp. 2d 759, 772 (S.D. Miss. 2008) (plaintiff's depression was insufficient to

sustain a claim for negligent infliction of emotional distress); *Cirino*, 2015 WL 5752105 at *7 ("Plaintiff's lone allegation that he 'suffered undue emotional distress, anxiety, and mental anguish' similarly does not sufficiently allege facts indicating that Plaintiff suffered an injury giving rise to a claim for negligent infliction of emotional distress.").

### F. Summary

Moore's Eighth Amendment claim is prohibited by Supreme Court precedent and will be dismissed with prejudice. Because Moore admits that her intentional infliction of emotional distress claim is not based on malice, the motion to dismiss that claim as barred by the MTCA will be denied. Finally, since the complaint (1) fails to adequately allege facts to support *Monell* liability; (2) fails to allege any facts indicating Nelson was involved in the search as required to support a Fourth Amendment Claim; and (3) includes only a general, conclusory allegation of "severe emotional distress" in support of Moore's negligent infliction of emotional distress claim, the School District and Nelson's motion to dismiss will be granted with respect to these claims. However, since courts "should provide *at least* one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the plaintiff[] … [is] unwilling or unable to amend in a manner that will avoid dismissal," *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (cleaned up), dismissal of these claims will be without prejudice and Moore will be provided an opportunity to seek leave to amend them.

## V
## Washington's Motion

In his motion to dismiss, Washington asks the Court to dismiss Moore's "*Monell*, Fourth Amendment, Eighth Amendment, and state law claims for negligent and intentional infliction of emotional distress." Doc. #34 at 2. He also asserts that "[t]he claim … for [the] alleged violation of Z.S.'s substantive and due process rights does not apply to [him]because he does not serve in

an administrative capacity in the Clarksdale Municipal School District." *Id.* Washington's brief[8] in support of his motion, however, only contains this same assertion with respect to the due process claims without citing any legal authority; only substantively addresses the *Monell*, Fourth Amendment, and Eighth Amendment claims by presenting arguments identical to those of the School District and Nelson; and wholly fails to address the state law claims. *See* Doc. #35.

For the same reasons discussed above with respect to the School District and Nelson's motion, the Eighth Amendment claims and any *Monell* claims asserted against Washington are properly dismissed.

With respect to the Fourth Amendment claim, Moore responds that Washington's assertion that it "is not clear as to which Defendants" violated Z.S.'s Fourth Amendment rights "wholly lacks merit" because the next sentence of his brief states that "by Plaintiff's own admission, Officer Kendrick Walker and School Resource Officer Derrell Washington … conducted the alleged violative search." Doc. #38 at 5. Further, Moore argues that (1) "Washington's official working relationship with either the school district and/or the police department has not been factually established" and such "determine[s] the appropriate Fourth Amendment standard that governed Z.S.'s search" and (2) regardless of whether Washington is "held to the standard of a regular police officer" or that of a school official, dismissal is not warranted because she alleged the search occurred "without a warrant or reasonable suspicion that Z.S. had violated or was violating the law or school rules." *Id.* at 5–6. Because at this stage in the proceedings, the Court must accept as true Moore's allegation that Washington searched Z.S.'s phone without justification, Washington's motion to dismiss the Fourth Amendment claim against him is properly denied.

---

[8] Washington's memorandum brief appears to be copied from the School District and Nelson's, except with the omission of arguments related to the state law claims. *Compare* Doc. #35 *with* Doc. #8.

Finally, Moore argues that "[b]ecause of their unsupported, conclusory nature, the Court should deny … Washington's requests to dismiss Plaintiff's state law claims for negligent and intentional infliction of emotional distress and Plaintiff's claim concerning her substantive and due process rights." Doc. #38 at 8 n.7. Given that Washington failed to adequately brief these arguments, his motion will be denied with respect to the state law and due process claims. *See Vidrine v. Guillot*, No. 21-30203, 2022 WL 3544396, at *2 (5th Cir. Aug. 18, 2022) ("A party inadequately briefs an argument when it fails to offer any supporting argument or citation to authority or to identify relevant legal standards and any relevant Fifth Circuit cases.") (internal quotation marks omitted) (quoting *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016)); *Burton v. Comm's of Social Security*, No. 3:20-cv-266, 2021 WL 3674472, at *2 n.11 (N.D. Miss. Aug. 18, 2021) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (internal quotation marks omitted) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)).

## VI
## Conclusion

The School District and Nelson's motion to dismiss [7] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks dismissal of the *Monell*, Eighth Amendment, Fourth Amendment, and negligent infliction of emotional distress claims against the School District and Nelson. It is DENIED with respect to the intentional infliction of emotional distress claim.

Washington's motion to dismiss [34] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks dismissal of the *Monell* and Eighth Amendment claims; it is DENIED in all other respects.

Moore's Eighth Amendment claims against the School District, Nelson, and Washington are **DISMISSED with prejudice**. Within fourteen (14) days of the entry of this order, Moore may seek leave to amend her complaint with respect to her remaining claims.[9]

**SO ORDERED**, this 5th day of December, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[9] Should Moore fail to seek leave to amend or if it is ultimately determined amendment would be futile, the *Monell*, Fourth Amendment, and negligent infliction of emotional distress claims against the School District and Nelson will be dismissed with prejudice, as will any *Monell* claims against Washington.