IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LASHEA MOORE, as parent**                                                               **PLAINTIFF**
**and next friend of Z.S., a minor**

**V.**                                                                                             **NO. 4:22-CV-42-DMB-JMV**

**CLARKSDALE MUNICIPAL**
**SCHOOL DISTRICT, et al.**                                                          **DEFENDANTS**

**ORDER**

On March 28, 2023, Lashea Moore filed a motion for partial summary judgment, Doc. #104; a memorandum brief, Doc. #105, with five exhibits attached;[1] and "Plaintiff's Statement of Itemized Undisputed Facts," Doc. #106. Because Moore attached exhibits to her memorandum brief (rather than to her motion) in violation of Local Rule 7(b)(2), the Clerk of Court terminated the motion and instructed Moore to refile her motion and memorandum brief.

The next day, Moore refiled the motion for partial summary judgment, Doc. #107, attaching the five exhibits;[2] and also refiled the memorandum brief, Doc. #108. Moore's refiled motion expressly mentions her statement of itemized undisputed facts and notes that it "incorporates by reference and relies upon her memorandum of authorities *and statement of itemized undisputed facts* as if fully set forth herein."[3] Doc. #107 at 1 & n.1 (emphasis added).

Neither the Local Rules of this Court nor the Federal Rules of Civil Procedure contemplate or authorize the filing of a separate itemization of facts. *Automation Design & Sols., Inc. v.*

---

[1] *See* Docs. #105-1 to #105-5.

[2] *See* Docs. #107-1 to #107-5.

[3] Technically, the motion's incorporation of the memorandum and statement of facts by reference could mean that they should be considered in determining whether the motion complies with Local Rule 7(b)(2)(B)'s four-page limit requirement for motions and with its mandate that the motion "may not contain legal argument or citations to case law or other secondary authority."

*Yeliseyev*, No. 3:08-cv-589, 2012 WL 12974010, at *4 (S.D. Miss. Feb. 29, 2012). Such filings provide an avenue for circumventing the page limits imposed by the Local Rules. *See Landrum v. Conseco Life Ins. Co.*, No. 1:12-cv-5, 2013 WL 6019303, at *15 (S.D. Miss. Nov. 13, 2013) (statement of facts in motion deemed attempt to circumvent page limits). Because the statement of facts here should have been incorporated in the memorandum brief filed in support of the partial summary judgment motion, Moore's separate statement of itemized undisputed facts [106] is **STRICKEN** and her refiled motion for partial summary judgment [107] is **DENIED without prejudice**. Within seven (7) days of the entry of this order, Moore may refile her motion for partial summary judgment and memorandum brief in accordance with the Court's procedural rules. If refiled, the partial summary judgment motion and memorandum brief may not include any new basis for partial summary judgment or new legal argument.

      **SO ORDERED**, this 11th day of April, 2023.

                                        /s/Debra M. Brown
                                        **UNITED STATES DISTRICT JUDGE**